FILED - KZ
September 25, 2023 12:21 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems  Scanned by ES 9/25

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

1:23-cv-1013

| | | |
|---|---|---|
| DAVID ANGEL SIFUENTES III, | CASE NO. | Robert J. Jonker |
| Plaintiff, | HONORABLE: | U.S. District Judge |

V.

PLUTO TV,

           Defendant.                    DEMAND FOR JURY TRIAL
_____/

## COMPLAINT

   Now comes, the Plaintiff David Angel Sifuentes III, In Pro Se and submits this complaint and demand for jury trial seeking relief for identity theft via data breach, personal information being exposed, along with ip address, date of birth, passwords stolen from a data breach from Pluto TV, which Sifuentes has standing to bring this complaint. *See In re Zappos.com, Inc., 884 F.3d 893 (9th Cir. 2018), Galaria v. Nationwide Mutual Insurance Co. No., 663 F.App'x 384 (6th Cir. 2016),* invasion of privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to provide safeguard security measures and protection to Sifuentes for the breach, and risk of future injury by covering up the breach and not ever notifying Sifuentes, also violation of the California Unfair deceptive Practice Act, and the Michigan Consumers Protection Act, and state data breach laws,  Cal civil Code Sec. 1798.81.5(d)(1)(A); 1798.82;1798.29; MCL 445.72. Sifuentes is seeking damages of $300,000.00 in damages and punitive damages of $15,000,000.00 for a total of $15,300,000.

   Sifuentes ask this Court to liberally construe his pleadings, legal documents, arguments and not fault him for not citing are applying the correct case law, statute and applicable laws under *Haines v. Kerner, 404 U.S. 519 (1972).* Pro se litigants can be excused from full compliance with technical procedural rule, provided there is substantial compliance. *Norefleet v. Walker, 684 F.3d 688 (7th Cir. 2012).* Court and staff have a special responsibility to scrutinize carefully pro se complaints. *Chapman v. Kleindienst, 507 F.2d 1246, 1253 (7th Cir. 1974)* (district court has

responsibility for finding hidden jury demands in the middle of complaints). ). A court must accept all allegations of well-plead factual allegations as true, *League Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)*, and factual allegations alone is what matters. *Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988)*.

### *Jurisdiction*

This court has **both personal and diversity jurisdiction** under this complaint, This court has diversity jurisdiction of purely state law as Sifuentes is a citizen of Michigan and Pluto TV is a citizen of California a cooperation headquartered at 700 N San Vicente Blvd, 9th Floor, West Hollywood, CA 90069, and therefore the parties are different citizens and this court has jurisdiction of all civil matters as the damages are more than $75,000 28 U.S.C. § 1332. Sifuentes is seeking damages of $300,000.00 and punitive damages of $15,000,000 which can also be added for jurisdictional purposes. *Hayes v. Equitable Energy Res. Co., 226 F3d 560 (6th Cir. 2001)*. This court also has personal jurisdiction under the "minimum contacts" rule as Sifuentes received services from Pluto TV being an account via online in Michigan. Pursuant to MCL 600.711, a Michigan court may exercise general personal jurisdiction over a defendant-corporation if: (1) it is incorporated under the laws of Michigan; (2) the defendant has consented to personal jurisdiction in Michigan; or (3) the corporation "carr[ies] on… a continuous and systematic part of its general business within the state."

Michigan's long-arm statute "has been construed as conferring on the state courts the maximum scope of personal jurisdiction consistent with due process." *Amway Corporation v. Kope Food Products, Inc., 840 F. Supp. 78, 80 (W.D. Mich. 1993)*. The exercise of limited jurisdiction "occurs where 'a State exercises jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Kmart Corp. v. Key Industries, Inc., 877 F. Supp. 1048, 1051 (E.D. Mich. 1994)*, quoting *Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984)*. Michigan extends limited jurisdiction over nonresident corporations pursuant to MCL § 600.715. Pursuant to Michigan's Long Arm Statute, MCL 600.715, "a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction" exists when a corporation's acts "create any of the following relationships: (1)[t]he transaction of any business within the state" or "(2) [t]he doing or causing an act to be done, or

consequences to occur, in the state resulting in an action for tort." In interpreting MCL 600.715, the Michigan Supreme Court has held that "[t]he word 'any' means just what it says. It includes 'each' and 'every.' It comprehends 'the slightest.'" *Sifers v Horen 385 Mich 195, 199 n 2, 188 NW2d 623 (1971)*.

## *Complaint*

1. On or about November 2022 Sifuentes found that he was a victim of a data breach from Pluto TV from Firefox (See Exhibit "A") notifying him that his personal information had been compromised since October 12, 2018. Pluto TV disregarded its users rights by not taking adequate measures to protect their personal and sensitive data, and not notifying its account holders of the breach.

2. Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information has been exposed and stolen and taken without him knowing and without permission his personal property being his data form Pluto TV. Sifuentes has indeed suffered concrete injury in fact, due to the exposure of his financial and personal information. *TransUnion v. Ramirez, 141 S.Ct. 2190 (2021)*.

3. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information has been stolen. Pluto TV 'intentionally, willfully, recklessly, or negligently" failed to take sufficient measures to safeguard the data. In fact, cyber criminals have had access to Sifuentes data from Pluto TV. Sifuentes is scared as hackers can commit crimes with his personal information and credit card information. Sifuentes information is also on the dark web as scanned by Experian dark web scan.

4. Bailment, failure to promptly notify of the breach and provide security measures and protection to Sifuentes for the breach.

5. Risk of future and ongoing injury.

6. Sifuentes is seeking $300,000.00 for actual damages for injuries caused by both negligent and intentional infliction of emotional distress such as being very mad, angry, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers whole stole his information will do with his personal information.

7. Sifuentes seeks $15,000,000.00 in exemplary, economic and non-economic damages, compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax which settled for $575,000,000 Capital data breach that settled for $190 million for failing to take action with data breach protocols.

8. Pluto TV is in violation of violation of the California Deceptive Practices Act and the Michigan Consumer Protection Act for deceptive practices by not taking safeguarded measures to protect Sifuentes data and preventing exposure of customers payment information, and not notifying Sifuentes of the breach.

9. Pluto TV has violated California and Michigan data breach laws Cal civil Code Sec. 1798.81.5(d)(1)(A); 1798.82;1798.29; MCL 445.72 for not informing Sifuentes of the breach and taking proper measures to protect his personal information.

## RELIEF REQUESTED

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable court grant relief as follows:

Award Sifuentes $300,000.00 in actual damages for negligent and intentional infliction of ongoing emotional distress for being mad upset and under stress and $15,000,000.00 in exemplary, compensatory and punitive damages injunctive and declaratory relief, for a total of $15,300,000 or in the alternative Award $250,000.00 in actual damages and that Pluto TV provide Sifuentes with 5 years of LifeLock to help clean and restore Sifuentes identity.

Respectfully submitted,

By: _____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: September 21, 2023

5

David Angel Ifuentes-TH
439 More 5th NE
Unit 2
Grand Rapids, MI 49503

U.S. POSTAGE PAID
FCM LG ENV
GRAND RAPIDS, MI 49504
SEP 22, 2023
$2.07
R2305K136125-21

Retail
49007
RDC 99

Clerk
107 Federal Bldg
410 W. Michigan Ave
Kalamazoo, MI 49007